AO 199A (Rev. 6/97) Order Setting Conditions of Release                                Page 1 of _____ Pages

# United States District Court

DISTRICT OF ____VERMONT____

U. S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
BY 9-2-04
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

__Tamara Correa__
Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 2:04cr131-04

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) __U.S. District Court__
Place
at __Burlington, Vermont__ on _____
Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

(✓) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($_____)
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

AO199B (Rev. 5/99) Additional Conditions of Release                                                   Page_____of_____Pages

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization)_____
(Address)_____
(City and state)_____ (Tel. No.)_____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears

Signed: _____
                Custodian or Proxy         Date

( X ) (7) The defendant shall:
  (X) (a) report to the __Pretrial Services as directed__
         telephone number _____, not later than _____.
  ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
  ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described _____
  ( ) (d) execute a bail bond with solvent sureties in the amount of $_____.
  (✓) (e) maintain or actively seek employment.
  ( ) (f) maintain or commence an education program.
  ( ) (g) surrender any passport to: _____
  ( ) (h) obtain no passport.
  (✓) (i) abide by the following restrictions on personal association, place of abode, or travel: Travel restricted to MA & VT for Court purposes only
  (✓) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Co-Defendants
  (✓) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: as directed by PTS
  ( ) (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s):_____
  ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
  (✓) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  (✓) (o) refrain from ( ) any (✓) excessive use of alcohol.
  (✓) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  (✓) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
  (✓) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
  (✓) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
  ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
      ( )(i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
      ( )(ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
      ( )(iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
  (✓) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
  (✓) (v) __Maintain contact with Attorney__
  ( ) (w) _____
  ( ) (x) _____

AO 199C (Rev 6-97) Advice of Penalties...                                    Page _____ of _____ Pages

## Advice of Penalties and Sanctions

**TO THE DEFENDANT:**

**YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____            _____
City and State                                                    Telephone

### Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: September 2, 2004

_____
Jerome J. Niedermeier
United States Magistrate Judge

A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2004 SEP 10 AM 10 01
CLERK
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:04-CR-131-4
)
TAMARA CORREA )
Defendant )

### MOTION OF THE UNITED STATES FOR REVOCATION OF CONDITIONS OF RELEASE AND ISSUANCE OF AN ARREST WARRANT

The United States of America, by and through its attorney, David V. Kirby, Acting United States Attorney for the District of Vermont, hereby moves, pursuant to 18 U.S.C. § 3148(b), for revocation of this Court's order setting conditions of release and the issuance of an arrest warrant. In support of this motion, the United States incorporates the Affidavit of Matthew Birmingham dated September 10, 2004. As set forth in the Affidavit, the Defendant has violated her conditions of release by threatening a witness and continuing drug related activity.

Wherefore, the government requests that an arrest warrant be issued for the defendant and her conditions of release be revoked.

Dated at Burlington, in the District of Vermont, this 10th day of September, 2004.

Respectfully submitted,

UNITED STATES OF AMERICA

DAVID V. KIRBY
Acting United States Attorney
By: _____
THOMAS D. ANDERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington VT 05402-0570

## AFFIDAVIT

I, Matthew Birmingham, hereby depose and state as follows:

1. I am a Detective with the Vermont States Police currently assigned to the Northern Vermont Drug Task Force. I have been a police officer with the Vermont State Police for 6 years.

2. This affidavit is offered to demonstrate that probable cause exists to believe that TAMARA CORREA ("CORREA") has violated the conditions of release issued by the United States District Court by threatening a witness and by continuing to engage in drug related activity.

3. On August 30, 2004, CORREA was arrested for her role in a conspiracy to distribute crack cocaine. She was indicted by a Federal Grand Jury on September 2, 2004 for conspiracy to distribute in excess of five grams of crack cocaine and distribution of crack cocaine.

4. On September 2, 2004, CORREA was release on conditions including that she not commit any state or federal offense and that she have not contact with any witness or potential witness.

5. On September 9, 2004, I interviewed the Confidential Informant ("CI") in this case. During that interview the CI told me that he/she has received several telephone calls from CORREA since her release from custody. One call was received on September 3, 2004 and two calls were received on September 4, 2004 from a number that originated in Vermont. One of CORREA'S conditions of release was that she reside in Springfield, MA and not travel outside of Massachusetts except for court purposes. During the second call on September 4, 2004, CORREA told the CI that she blamed him/her for the

loss of a "stash" of crack cocaine and that she was going to "send some boys up" from Massachusetts to "take care of him."

6. The CI also advised me that she/he received two additional calls from CORREA on September 8, 2004; one call was received at 9:30 p.m and the second was received at 11:19 p.m. Both calls originated from Massachusetts. During these calls, CORREA told the CI that she was interested in coming back to Vermont to collect money for "Bodie" and that she was very concerned about getting money from people that owed "Bodie." "Bodie" is CORREA'S co-defendant, Cele Pabon.

7. After the interview of the CI, I receive a telephone call from her/him during which he/she told me that CORREA had just called him/her again. During this call, which the CI recorded, CORREA again threatened the CI. The CI then played the recording for me. I heard a female state to the CI, "I haven't seen the money yet." Then I heard the CI respond saying, "Everyone else owes, so why do I owe him?" There was some more conversation, and then I heard the female say, "Don't make me send people up there ... because I will send people up there." The CI then asked the female if she was threatening him. She eventually responded referencing the money saying, "It's not for me, get it to fucking Bodie's mom." The female then said, "I am going to talk to Bodie and let him know." Shortly thereafter the phone call ended.

Dated at Burlington, in the District of Vermont, this 10th day of September 2004.

/s/ _____
DET. MATTHEW BIRMINGHAM
Northern Vermont Drug Task Force

Sworn to and subscribed before me this 10th day of September 2004.

_____
Notary Public

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
9-2-04
BY
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. ~~2:00-CR-106~~ |
| CELE PABON, JAVIER SERRANO, JAMMON FREEMAN, TAMARA CORREA, | ) 2:04CR131-1-4 |
| Defendants. | ) |

## INDICTMENT

### COUNT 1

The Grand Jury charges:

From on or about August 3, 2004, the exact date unknown, and on or about August 30, 2004, in the District of Vermont, the Defendants, CELE PABON, JAVIER SERRANO, JAMMON FREEMAN and TAMARA CORREA, and others both known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute and possess with intent to distribute a quantity of cocaine base, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base.

(21 U.S.C. §§ 846, 841(b)(1)(B))

## COUNT 2

The Grand Jury further charges:

On or about August 3, 2004, in the District of Vermont, TAMARA CORREA, the Defendant, did knowingly and intentionally distribute a quantity of cocaine base, a Schedule II controlled substance.

(21 U.S.C. § 841(a)(1))

## COUNT 3

The Grand Jury further charges:

On or about August 27, 2004, in the District of Vermont, JAVIER SERRANO, the Defendant, did knowingly and intentionally distribute a quantity of cocaine base, a Schedule II controlled substance.

(18 U.S.C. § 841 (a)(1))

3

## COUNT 4

The Grand Jury further charges:

On or about August 30, 2004, in the District of Vermont, CELE PABON, the Defendant, did knowingly and intentionally distribute a quantity of cocaine base, a Schedule II controlled substance.

The Grand Jury further charges that the offense involved 5 grams or more of a mixture or substance containing a detectable amount of cocaine base.

(18 U.S.C. §§ 841 (a)(1), 841(b)(1)(B))

4

## COUNT 5

The Grand Jury further charges:

On or about August 30, 2004, in the District of Vermont, JAMMON FREEMAN, the defendant, knowingly received and possessed a firearm shipped and transported in interstate commerce, to wit: a 9mm Beretta semi-automatic handgun from which the manufacturer's serial number had been obliterated and altered.

(18 U.S.C. § 922(k) and 924(a)(1)(B)).

## COUNT 6

The Grand Jury further charges:

On or about August 30, 2004, in the District of Vermont, CELE PABON, JAVIER SERRANO, JAMMON FREEMAN and TAMARA CORREA, did knowingly and intentionally possess with intent to distribute a quantity of heroin, a Schedule I controlled substance.

(21 U.S.C. § 841(a)(1), 841(b)(1)(C))

A TRUE BILL

/s/ Foreperson

TDA  /s/ David V. Kirby/tow
DAVID V. KIRBY
United States Attorney
Burlington, Vermont
September 2, 2004

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. |
| | ) |
| TAMARA CORREA | ) |
| Defendant | ) |

## MOTION OF THE UNITED STATES FOR REVOCATION OF CONDITIONS OF RELEASE AND ISSUANCE OF AN ARREST WARRANT

The United States of America, by and through its attorney, David V. Kirby, Acting United States Attorney for the District of Vermont, hereby moves, pursuant to 18 U.S.C. §§ 3148(b), for revocation of this Court's order setting conditions of release and the issuance of an arrest warrant. In support of this motion, the United States incorporates the Affidavit of Matthew Birmingham dated September 10, 2004. As set forth in the Affidavit, the Defendant has violated her conditions of release by threatening a witness and continuing drug related activity.

Wherefore, the government requests that an arrest warrant be issued for the defendant and her conditions of release be revoked.

Dated at Burlington, in the District of Vermont, this 10th day of September, 2004.

Respectfully submitted,

UNITED STATES OF AMERICA

DAVID V. KIRBY
Acting United States Attorney
By: THOMAS D. ANDERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington VT 05402-0570

# AFFIDAVIT

I, Matthew Birmingham, hereby depose and state as follows:

1. I am a Detective with the Vermont States Police currently assigned to the Northern Vermont Drug Task Force. I have been a police officer with the Vermont State Police for 6 years.

2. This affidavit is offered to demonstrate that probable cause exists to believe that TAMARA CORREA ("CORREA") has violated the conditions of release issued by the United States District Court by threatening a witness and by continuing to engage in drug related activity.

3. On August 30, 2004, CORREA was arrested for her role in a conspiracy to distribute crack cocaine. She was indicted by a Federal Grand Jury on September 2, 2004 for conspiracy to distribute in excess of five grams of crack cocaine and distribution of crack cocaine.

4. On September 2, 2004, CORREA was release on conditions including that she not commit any state or federal offense and that she have not contact with any witness or potential witness.

5. On September 9, 2004, I interviewed the Confidential Informant ("CI") in this case. During that interview the CI told me that he/she has received several telephone calls from CORREA since her release from custody. One call was received on September 3, 2004 and two calls were received on September 4, 2004 from a number that originated in Vermont. One of CORREA'S conditions of release was that she reside in Springfield, MA and not travel outside of Massachusetts except for court purposes. During the second call on September 4, 2004, CORREA told the CI that she blamed him/her for the

loss of a "stash" of crack cocaine and that she was going to "send some boys up" from Massachusetts to "take care of him."

6. The CI also advised me that she/he received two additional calls from CORREA on September 8, 2004; one call was received at 9:30 p.m and the second was received at 11:19 p.m. Both calls originated from Massachusetts. During these calls, CORREA told the CI that she was interested in coming back to Vermont to collect money for "Bodie" and that she was very concerned about getting money from people that owed "Bodie." "Bodie" is CORREA'S co-defendant, Cele Pabon.

7. After the interview of the CI, I receive a telephone call from her/him during which he/she told me that CORREA had just called him/her again. During this call, which the CI recorded, CORREA again threatened the CI. The CI then played the recording for me. I heard a female state to the CI, "I haven't seen the money yet." Then I heard the CI respond saying, "Everyone else owes, so why do I owe him?" There was some more conversation, and then I heard the female say, "Don't make me send people up there . . . because I will send people up there." The CI then asked the female if she was threatening him. She eventually responded referencing the money saying, "It's not for me, get it to fucking Bodie's mom." The female then said, "I am going to talk to Bodie and let him know." Shortly thereafter the phone call ended.

2

Dated at Burlington, in the District of Vermont, this 10th day of September 2004.

_____
DET. MATTHEW BIRMINGHAM
Northern Vermont Drug Task Force

Sworn to and subscribed before me this 10th day of September 2004.

_____
Notary Public

3